**Larry Paul CONWAY, Appellant,**

v.

**Ellen VERGOS, et al., Appellees.**

**No. 02–2602 D.**

United States District Court, W.D. Tennessee, Western Division.

Aug. 18, 2003.

Wanda Abioto, Esq., Law Office of Wanda Abioto, Olive Branch, MS, for Larry Conway.

Sean M. Haynes, U.S. Trustee, Memphis, TN, for Ellen Vergos.

Jennifer L. Powers, Husch & Eppenberger, Memphis, TN, for DaimlerChrysler Financial Services.

DaimlerChrysler Services of North America, Roanoke, TX, Pro se.

David M. Dunlap, Humphreys, Dunlap, Wellford, Acuff & Stanton, P.C., Memphis, TN, for Edith Nusbaum.

Corliss Alvina Josephs, Clinton, MD, Pro se.

Fleet Credit Card Services, L.P., Horsham, PA, Pro se.

Olympus Servicing, L.P., Austin, TX, Pro se.

Olympus Servicing, L.P., Mendota Heights, MN, Pro se.

Sears, Roebuck & Co., Des Moines, IA, Pro se.

Discover Financial Services, Hilliard, OH, Pro se.

Bank of Bartlett, Bartlett, TN, Pro se.

Jeffrey Land, Atoka, TN, Pro se.

City Attorney's Office, Attn. Bankruptcy Clerk, Memphis, TN, Pro se.

U.S. Attorney, c/o Tax Division/Department of Justice, Washington, DC, Pro se.

U.S. Attorney, Memphis, TN, Pro se.

State Attorney General of Tennessee, Bankruptcy Unit, Nashville, TN, Pro se.

Memphis Light Gas & Water Division, Legal Department, Memphis, TN, Pro se.

BellSouth Regional Bankr.Ctr, Jacksonville, FL, Pro se.

Luke Woodruff, Oakland, MS, Pro se.

Cohen Family Trust, Clarksdale, MS, Pro se.

Continent Wide, Toronto, ON, Pro se.

Helm Enterprises, Inc., Memphis, TN, Pro se.

Calmco Svc., LP, Austin, TX, Pro se.

Richard J. Myers, Apperson, Crump & Maxwell, PLC, Memphis, TN, for National Loan Investors, L.P.

National Loan Investors, L.P., Oklahoma City, OK, Pro se.

City of Memphis, Memphis, TN, Pro se.

Mohammed F. Kronah, Newark, NJ, Pro se.

Homer Lee Cody, Law Office of Homer L. Cody, Memphis, for Baba Kalita Diabate.

Baba Kalita Diabate, Washington, DC, Pro se.

Shelby County Trustee, Memphis, TN, Pro se.

Nerlean Conway, Memphis, TN, Pro se.

J.C. Penney, El Paso, TX, Pro se.

Wal–Mart, Atlanta, GA, Pro se.

Discover, Wilmington, DE, Pro se.

First Tennessee, Memphis, TN, Pro se.

A.F.B.A. Indus. Bank, Colorado Springs, CO, Pro se.

Sears, Atlanta, GA, Pro se.

Wells Fargo, Phoenix, AZ, Pro se.

Chase, Phoenix, AZ, Pro se.

Fleet, Wilmington, DE, Pro se.

Citibank, S. Hackensack, NJ, Pro se.

Capital One, Richmond, VA, Pro se.

Providian Visa Card, Manchester, NH, Pro se.

James McMahon, Memphis, TN, Pro se.

Vanecia Kimbrough, Memphis, TN, Pro se.

Larry Parish, Memphis, TN, Pro se.

William Efird, Memphis, TN, Pro se.

Barbara K. Hamilton, c/o Becket & Lee, LLP, Malvern, PA, Pro se.

## ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DENYING LARRY PAUL CONWAY'S MOTION FOR RECUSAL

DONALD, District Judge.

Before the Court is Larry Paul Conway ("Appellant")'s appeal of the Order Denying Motion for Recusal issued by the United States Bankruptcy Court for the Western District of Tennessee. Appellant asserts that the bankruptcy court judge should have disqualified herself based on past acts which indicate her partiality to the creditors. Specifically,

Appellant maintains that substantial evidence of partiality exists based on the judge's 1) extreme acts of bias; 2) prejudice based upon race; 3) improper favoritism and specific referral to certain European–American members of the bar who the judge asserted were competent to handle Chapter 11 proceedings; 4) denial or right to counsel; 5) evidence of failure to prevent fraud upon the bankruptcy estate; 6) utilization of official authority which exceeded the court's jurisdiction; 7) disregard of competent evidence in the valuation of real property; 8) evidence of favoritism; 9) disparaging remarks and conduct regarding the debtor and his counsel; and 10) failure to uphold congressionally mandated federal court orders. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a). For the following reasons, the Court **AFFIRMS** the Order Denying Motion for Recusal.

## I. FACTUAL AND PROCEDURAL BACKGROUND [1]

Appellant, an African–American, filed an appeal from the United States Bankruptcy Court for the Western District of Tennessee's order denying recusal in bankruptcy case number 02–23559. Appellant filed the motion for recusal after the bankruptcy judge issued several unfavorable rulings in two prior bankruptcy cases as well as in case number 02–23559. Thus, the bankruptcy judge presided over three Chapter

---

1. The following facts are taken from the record. The Court notes that in his brief in support of his motion Appellant makes numerous references to orders issued by the bankruptcy court in numerous Chapter 11 proceedings. The "citations" to these orders request the Court to take judicial notice of each order and identify the documents by number. The Court, however, could not determine to which documents Appellant was

referring based on his "citations." Furthermore, Appellant "cites" to affidavits of the debtor which were allegedly attached to the motion. The Court, however, was unable to locate any affidavits in the record. In deciding the instant appeal, the Court, therefore, does not rely on any "cited" document which it was unable to either locate or determine to what Appellant referred.

11 cases in which Appellant was either the debtor or an interested party.

The first of these cases was filed on June 21, 2000, by JACMAR, a corporate entity of which Appellant held 50–60% of the shares. JACMAR retained Richard Crawford to represent it in the bankruptcy proceedings. It was later determined that Mr. Crawford had been disbarred prior to 2000.

The court granted Appellant additional time in which to retain counsel competent to handle Chapter 11 bankruptcy proceedings. Thereafter, JACMAR retained Damita Dandridge, an African–American attorney. The court denied JACMAR's application to employ Ms. Dandridge, however, until she employed co-counsel with Chapter 11 experience. On February 6, 2001, the bankruptcy court granted the United States Trustee's Motion to Dismiss for failure to employ counsel.

On November 7, 2001, Appellant individually filed a Chapter 11 petition. Appellant retained Gerald Green as counsel. A hearing was held on January 29, 2002, on the Trustee's Motion to Dismiss for failure to file the monthly report. During the hearing, Appellant asserts that the judge made disparaging remarks about Mr. Green and Appellant. The bankruptcy court dismissed the case on January 30, 2002. On February 11, 2002, Appellant filed a Notice of Appeal of the Order Granting the Motion to Dismiss Case by U.S. Trustee.

On February 26, 2002, Appellant filed another Chapter 11 petition, case number 02–23559. After the bankruptcy judge allowed the automatic stay to be lifted by some creditors, Appellant filed a motion seeking the recusal of the judge. Appellant alleged that the bankruptcy judge was partial and prejudice. The bankruptcy court denied Appellant's motion for recusal. On July 15, 2002, Appellant filed an appeal of the bankruptcy court's order.

## II. STANDARD OF REVIEW

■ "On an appeal[,] the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *Hardin v. Caldwell*, 851 F.2d 852, 857 (6th Cir.1988) (internal citations omitted). When assessing what should be done to the judgment, decree or order, the district court reviews factual findings of the bankruptcy court for clear error, and legal conclusions *de novo*. *255 Park Plaza Assoc. Ltd. P'ship v. Conn. Gen. Life Ins. Co.*, 100 F.3d 1214, 1216 (6th Cir.1996). *De novo* review requires a court to review the legal conclusions without regard to the bankruptcy court's determinations. *First Union Mortgage Corp. v. Eubanks*, 219 B.R. 468, 469 (6th Cir. BAP 1998). However, factual "findings of a bankruptcy court should not be disturbed by the district court judge unless there is 'most cogent evidence of mistake or miscarriage of justice.'" *Hardin*, 851 F.2d at 857 (internal citations omitted). Furthermore, "the district court 'may not make its own independent factual findings. If the bankruptcy court's factual findings are silent or ambiguous as to an outcome determinative factual question, the district court ... must remand the case ... for necessary factual determinations.'" *Id.* (internal citations omitted).

## III. ANALYSIS

Appellant asserts that the bankruptcy judge should have recused herself from case number 02–23559 because she was partial and prejudiced. In support of his assertion, Appellant relies on the orders and rulings issued by the bankruptcy court judge in three Chapter 11 proceedings to which Appellant was a party. Appellant

maintains that the bankruptcy court judge was racially prejudiced based on certain comments which she made. These comments include an observation by the judge that she did not know of any African–American attorneys who were qualified to practice Chapter 11. Appellant also asserts that the judge's observation that Appellant and Mr. Green were not sophisticated enough to handle a Chapter 11 proceeding evidences her racial prejudice.

■ Section 455(a), Title 28 of the United States Code provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) further provides that a judge shall disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding ...." Section 455(a) requires the court to determine whether another person with knowledge of all the circumstances might reasonably question the judge's impartiality. *McBeth v. Nissan Motor Corp. U.S.A.*, 921 F.Supp. 1473, 1477 (D.S.C.1996) (citations omitted). The standard, therefore, "is an objective standard and is not to be construed to require recusal on spurious or loosely based charges of partiality." *Id.* "The disqualifying bias must stem from an extrajudicial source and result in an opinion on the merits in the instant action based on something other than what was learned during participation in the case." *Id.*

■ Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 553, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Instead, judicial rulings should be grounds for appeal, not for recusal. *Id.* Furthermore,

opinions formed by the judge on the basis of the facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties or their cases, ordinarily do not support a bias or partiality challenge. *Id.*

■ In the instant appeal, Appellant asserts that the bankruptcy court judge's rulings in his Chapter 11 cases and her statements concerning African–American attorneys establish that she relied on extrajudicial sources in making her determinations. The Court has reviewed the record in the action, including recordings and transcripts of the proceedings in which the bankruptcy judge made the allegedly racially biased comments. Each of the statements made by the bankruptcy judge concerns Appellant's failure to retain counsel competent to practice in the area of Chapter 11 bankruptcy law. In one instance, the judge was attempting to help Appellant locate someone to aid him with his Chapter 11 proceeding. The judge observed that she could not think of an African–American attorney in the area who handled Chapter 11 cases. The judge did not say, however, that African–American attorneys were incapable of handling Chapter 11 cases nor did she indicate that she was adverse to African–American attorneys practicing in her court. Furthermore, the judge's statement concerning Appellant and Mr. Green's lack of sophistication concerning Chapter 11 proceedings was made during a hearing in which Appellant admitted that he did not understand several of the necessary forms and

filings that he was required to complete as a part of his bankruptcy case. The judge's statement was in no way racially motivated, but instead reflected the judge's frustration with Appellant's failure to retain an attorney knowledgeable of Chapter 11 law. It should be noted that at that time Appellant had been involved in an earlier Chapter 11 proceeding in which he had failed to retain counsel who was competent to handle Chapter 11 proceedings. The Court finds nothing in the record which indicates that any of the bankruptcy court judge's rulings were based on racial animus.

Appellant further contends that the bankruptcy court judge relied on extrajudicial sources in her rulings as evidenced by her mention of previous bankruptcy proceedings in which Appellant was involved. The Court finds no evidence that the judge relied on the previous Chapter 11 filings in making her rulings in case number 02–23359. The instances in which the earlier proceedings were mentioned by the judge generally revolved around Appellant's lack of knowledge concerning Chapter 11 proceedings and his failure to retain adequate counsel. Furthermore, opinions formed by the judge on the basis of the facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, are not extrajudicial sources. The Court makes no findings with respect to the substantive orders issued by the bankruptcy court judge because her judicial rulings do not constitute a valid basis for a bias or partiality motion. Moreover, Appellant appealed many of the judicial rulings which he asserts evidence the judge's partiality. Thus, the appeals will remedy any possible errors in those orders. The Court concludes, therefore, based on the record presented, that the bankruptcy court judge correctly denied Appellant's motion seeking recusal. Accordingly, the Court af-firms the bankruptcy court judge's order denying Appellant's motion for recusal.

## IV. CONCLUSION

For the reasons stated herein, the Court affirms the bankruptcy court judge's order denying Appellant's motion for recusal.